UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSEPH RODRIQUEZ,

                Plaintiff,

-against-

EMPIRE RESORTS, INC.,

                Defendant.
------------------------------------------------------------X

JUDGE ROBINSON

08 CIV. 5786

**COMPLAINT**

**JURY TRIAL DEMANDED**

By and through his counsel, Sussman & Watkins, plaintiff Joseph Rodriguez complains of defendant, Empire Resorts, Inc., as follows:

## I. INTRODUCTION

1. Plaintiff brings this action against defendant based on his assault, false arrest, malicious prosecution and violation of his civil rights on account of his national origin and race, prohibited discrimination.

## II. PARTIES

2. Plaintiff resides in Schenectady, New York. The events underlying this lawsuit occurred in Monticello, Sullivan County, within this judicial district.

3. Defendant Empire Resorts, Inc. is a corporation based in Monticello, New York and doing business in the state of New York. It owns and operates the Monticello Gaming and Raceway. It may sue and be sued.

## III. JURISDICTION

4. As plaintiff brings this action to enforce his rights under the United States constitution and Title VI of the Civil Rights Act of 1964, over the case pursuant to 28 U.S.C. §§ 1331, 1343 (3) and (4), 42 U.S.C. § 2000d, and 42 U.S.C. § 1988.



5. As plaintiff's state law claims arise from the same nucleus of operative facts as his federal claim, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## IV. FACTUAL AVERMENTS

6. Plaintiff is a dark skinned, 50 year-old man of Puerto Rican descent. His wife is also dark-skinned. They reside in Schenectady, New York.

7. On July 20, 2007, plaintiff and his wife, who formerly resided in Middletown, were visiting family members in the area. That evening, they went to the Monticello gaming casino in Monticello, New York.

8. After dancing with his wife at the casino, plaintiff fell ill from heat exhaustion, sat down at a table near his wife and began to vomit.

9. Rather than coming to plaintiff's aid, without justification, two security officers employed by defendant came to plaintiff's table, grabbed him, threw him to the ground and struck him about his body and head.

10. These security officers then dragged plaintiff to a back room. Upon the arrival of two New York State Troopers, defendant's agents falsely and maliciously advised the troopers that plaintiff had been disorderly and should be criminally charged.

11. Based on these false statements, the troopers handcuffed and arrested plaintiff, who was then processed, charged with disorderly conduct and issued an appearance ticket.

12. Plaintiff was examined that evening at Arden Hill Hospital, where he was diagnosed with injuries to his right shoulder, neck, knee and legs, all caused by the assault by defendant's security personnel.

13. To respond to the criminal charges, during the next eight months, plaintiff had to

make three appearances in Monticello Village Court, at considerable expense and hardship.

14. Finally, in February 2008, the Sullivan County District Attorney's Office dismissed the criminal charges against plaintiff based on the failure of the State's "witnesses" (defendant's agents) to appear in court.

15. The actions of defendant's agents were shocking and malicious and caused plaintiff conscious physical pain and suffering, loss of liberty, physical and emotional injuries, and economic damages, including payment of a criminal defense attorney, lost time from work, and considerable travel expenses.

16. Defendant's agents committed an unjustified assault and battery upon plaintiff and then caused his arrest and prosecution based on their false statements to the police. They would not have so acted if plaintiff were Caucasian. The wrongful acts of defendant's agents were taken, in substantial part, because of plaintiff's national origin, Puerto Rican, and race, Hispanic.

17. Defendant's security personnel were acting, though wrongfully, within the scope of their employment.

18. Defendant failed to adequately train and/or supervise its security personnel and such failure was a proximate cause of their afore-cited wrongful conduct and plaintiff's resulting injuries and damages.

### IV. CAUSES OF ACTION

19. Plaintiff incorporates paras. 1-18 as if fully restated herein.

20. By dint of the foregoing, defendant discriminated against plaintiff because of his race and/or national origin in violation of 42 U.S.C. § 2000d and § 296 of the New York state Executive Law.

21. By dint of the foregoing, through its agents, defendant subjected plaintiff to the torts of an assault and battery, false arrest and malicious prosecution, in violation of New York State law.

## V. **PRAYER FOR RELIEF**

22. WHEREFORE, plaintiff prays that this Honorable Court:

(a) empanel a jury to hear and decide this matter;

(b) award to plaintiff compensatory and punitive damages;

© award to plaintiff his reasonable attorneys' fees and costs pursuant to 42 U.S.C. section 1988, and

(d) enter any other relief justified by the law and facts.

Dated: June 26, 2008
       Goshen, New York

Respectfully submitted,

S/_____
MICHAEL H. SUSSMAN [3497
SUSSMAN & WATKINS
40 Park Place – PO Box 1005
Goshen, NY 10924
(845) 294-3991
Attorneys for Plaintiff

4